# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America | Civil No. 16-83 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Ronny B. Robbin, Lynette R. Robbin, North American State Bank, and State of Minnesota | |
| Defendants. | |

_____

LaQuita Taylor-Phillips, Esq., and Michael R. Pahl, Esq., United States Department of Justice, Tax Division, counsel for Plaintiff.

Ronny B. Robbin, *pro se*, and Lynette R. Robbin, *pro se*, Defendants.

D. Sherwood McKinnis and Jacob G. Peterson, Esq., counsel for Defendant North American State Bank.
_____

## INTRODUCTION

This dispute centers on the IRS's assessment of taxes and penalties against a taxpayer who refused to pay taxes and filed frivolous tax returns. The government moved for summary judgment against the taxpayer (Doc. No. 44). The taxpayer then cross-moved for summary judgment contending that the IRS had failed to follow the proper procedures to assess the taxes and penalties. (Doc. No. 50.) For the reasons set forth below, the Court grants the government's motion and denies the taxpayer's motion.

**BACKGROUND**

Defendant Ronny Robbin is a tax protestor. For example, in filling out his IRS Form 1040A for 2004, Mr. Robbin stated that he had no income, which he defines as only corporate profits. (Doc. No. 48 ("Pahl Decl.") ¶ 3, Ex. 9 (Robbin: "'[I]ncome' for income tax purposes is synonymous with corporate profits . . . .").) [1] The IRS disagreed with Mr. Robbin's interpretation and assessed him for unpaid taxes for 2003 and 2005. The IRS has determined that Mr. Robbin's unpaid taxes, including penalties and interest, to be $213,862.79. Additionally, the IRS assessed civil penalties against Mr. Robbin for filing frivolous tax returns in 2004 and 2005—the forms where he said he had zero income. The fines, with interest and penalties, are $7,276.72. The IRS filed notices of federal tax liens with the Kandiyohi County Recorder's Office on the Robbins' home in Belgrade, Minnesota, for the unpaid taxes and penalties. (Generally, the "Belgrade Property.") The Robbins co-own the Belgrade Property as joint tenants.

On January 14, 2016, the United States (generally, the "Government") filed suit against the Robbins for unpaid taxes for 2003 and 2005 and for penalties from frivolous tax returns for 2004 and 2005. The Government also sued North American State Bank and the State of Minnesota as entities with possible interests in the Belgrade Property. According to property-tax assessments, the Belgrade Property is worth $145,800 and is encumbered by a $40,000 mortgage held by North American State Bank. Minnesota has

---

[1] Mr. Robbin filed taxes separately from his wife.

stipulated that it holds no interest. (Doc. No. 17.) Ultimately, the Government seeks to force a sale of the Belgrade Property.

On April 14, 2017, the Government moved for summary judgement against only Mr. Robbin seeking to force a sale of the Belgrade Property. On June 1, 2017, the Robbins cross-moved for summary judgment contending that the Government had not properly assessed the taxes and fines.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the evidence, and the inferences that may be reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009). However, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported

motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.     The Government is Entitled to Summary Judgment

Here, the Government must demonstrate that: (1) the tax assessments are valid; and (2) a forced sale of the Belgrade Property is appropriate even though an innocent third-party (Mrs. Robbin) owns an interest in the Property.

### A.     The Tax and Penalties Are Valid

The Government has shown that the tax assessments are valid. Under Eighth Circuit law, the Government can establish the validity of tax assessments by submitting certified copies of the assessments. *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993). Once the tax assessments are established as valid, they "are presumed correct and the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment[s] [were] erroneous." *See In re Harker*, 357 F.3d 846, 848-49 (8th Cir. 2004). Here, the Government has submitted certified copies of the tax assessments and tax penalties. (Doc. No. 47 ("Olson Decl."), Exs. 1-2.) The certified copies show that Mr. Robbin owed $208,460.35 as of August 31, 2015. (*Id.*) Since then, additional interest has accrued and will continue to accrue. (*Id.* ¶¶ 5-6.) As of April 15, 2017, the Robbins's tax liability was $213,862.79. (*Id.* ¶ 5.)

Additionally, the Government has established that the penalties are valid. The Government produced certified copies showing that the IRS assessed penalties against Mr. Robbin for taking frivolous tax positions. (*Id.*, Exs. 3-4.) Mr. Robbin has been

4

assessed penalties and interest in the amount of $7,276.72 as of April 15, 2017. (*Id.* ¶ 8.) Because the Government has provided the certified copies of the assessments and penalties, the Government has sufficiently demonstrated the validity of the tax assessments and penalties. Thus, the presumption of correctness applies, and the burden shifts to Mr. Robbin to show by a preponderance of the evidence that the assessments and penalties are erroneous. *In re Harker*, 357 F.3d at 848-49.

Mr. Robbin argues that the assessments and penalties are invalid because: (1) the IRS failed to mail him any notices of the deficiency as required by statute; and (2) the Government has failed to show that a supervisor approved in writing the civil penalties as required under 26 U.S.C. § 6751. Additionally, Mr. Robbin argues that even if the assessments and penalties are valid, the Government has failed to provide admissible evidence to support those assessments and penalties. Each argument fails.

First, Mr. Robbin has failed to show that the IRS did not send the notices of deficiency. To start, Mr. Robbin bears the burden of showing that the IRS did not follow the proper procedure. *United States v. Ahrens*, 530 F.2d 781, 786 (8th Cir. 1976). The IRS, however, did send the notices: They were sent by certified mail to the Belgrade Property, the receipts were signed, and returned to the IRS where they were logged. (*See* Doc. No. 57 ("Olson 2nd Suppl. Decl.") ¶ 7.) The Government provided copies of the logs, which listed the statutory notices as being sent on March 24, 2008, June 7, 2010, October 7, 2013, October 6, 2014, and June 29, 2015. (*See, e.g.*, Doc. No. 55 ("Olson

Supp. Decl.") ¶ 9, Ex. 14 at 4.)[2] Even if it were true that Mr. Robbin did not *receive* the notices (which the Court doubts), the Government satisfied its burden by mailing the notices. *Ahrens*, 530 F.2d at 785 ("That the taxpayer did not receive actual notice of the deficiency is irrelevant."). Thus, the Court concludes that Mr. Robbin has failed to show that the assessments are invalid due to a failure to receive the notices of deficiency.

Second, Mr. Robbin argues that the penalties—for frivolous tax returns—are invalid because a supervisor did not authorize them as required under 25 U.S.C. § 6702. Again, Mr. Robbin bears the burden of showing that the IRS did not follow the proper procedure. *Ahrens*, 530 F.2d at 786. And here, Mr. Robbin has produced no evidence that the proper procedures were not followed. Moreover, the Government supplied documents showing that a supervisor had signed off on the penalty. (*See* Olson Supp.

---

[2]   Mr. Robbin makes a number of challenges to the admissibility of Exhibit 14. None of the arguments has merit. Exhibit 14 is a copy of the Certificates of Assessments, Payments, and other Specified Matters (Form 4340), which shows the timing of when the notices of deficiency were mailed. (*See* Olson Supp. Decl. ¶ 9.) Exhibit 14 is certified as accurate by Debbie Okray (Chief, Accounting Operations). Deborah Olson declared that the exhibit was made at or near the time of the date stated (December 28, 2015), by someone with knowledge (Ms. Okray), and kept and maintained in the course of regularly conducted activities by the IRS. (*Id.* ¶ 3.) Based on Ms. Olson's declaration, Exhibit 14 is admissible. The document is authentic based on the certification, F.R.E. 902(2); it is admissible hearsay, *see* F.R.E. 803(8); and Ms. Olson had the requisite personal knowledge to establish the foundation for Exhibit 14's admissibility, *see* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 30C *Fed. Prac. & Proc.*. §§ 7047 & 7049 (2017 ed.) (explaining the necessary foundation to establish the public records exception). Thus, Mr. Robbin's argument that Exhibit 14 is inadmissible fails.

Decl. ¶¶ 10-11, Exs. 15-16; *see also* Doc. No. 56.)³ What's more, Mr. Robbin in fact took a frivolous position on his tax returns by stating that he had no income. (*See* Pahl Decl. ¶ 3, Exs. 9-10.) Thus, Mr. Robbin has failed to show that the IRS has failed to follow the proper procedures in assessing him penalties.

Mr. Robbin also argues that even if the assessments and penalties are valid, the Government has failed to provide admissible evidence to prove the assessments and penalties. Mr. Robbin makes a number of evidentiary challenges to the documents that the Government provided in support of its motion. But because the Government has established that it is entitled to the presumption that the assessments are correct and that the IRS followed the proper procedures, Mr. Robbins bears the burden of showing that the assessments and penalties were erroneous. Here, Mr. Robbin merely argues that the Government has not provided evidence to show that it followed the proper procedures for assessments and penalties. But Mr. Robbin cannot overcome the Government's presumptions merely by arguing that certain documents are inadmissible. *See Ahrens*, 530 F.2d at 785; *In re Harker*, 357 F.3d at 848-49. Thus, the Court finds that Mr. Robbin has failed to produce any evidence to show that the IRS failed to follow proper

---

³ Mr. Robbin objects to Exhibits 15 & 16 on the same bases that he objected to Exhibit 14: (1) the documents are not authentic; (2) the documents are inadmissible hearsay; and (3) Ms. Olson lacked the personal knowledge to establish the foundation to make the exhibits admissible. For the reasons discussed in footnote 2, the documents are not hearsay as a public record, and Ms. Olson can establish the necessary foundation to establish that the exhibits are public records. Additionally, the documents are admissible even though they are copies, F.R.E. 1003, and are authenticated by Ms. Olson in her declaration as a witness with knowledge, *see* F.R.E. 901(b). Thus, Exhibits 15 and 16 are admissible evidence of the civil penalties.

7

procedures to assess the taxes and penalties. The Court therefore grants the Government's Motion for Summary Judgment to the extent it requests an order entering judgment for the tax assessments of $213,862.79, plus statutory accruals after April 15, 2017, and for the civil penalties of $7,276.72, plus statutory accruals after April 15, 2017.

### B. Ordering the Sale of the Belgrade Property is Appropriate

In addition to an order of judgment, the Government requests an order foreclosing on the tax liens attached to the Belgrade Property. *See* 26 U.S.C. § 7403. The Government properly attached tax liens to all of Mr. Robbin's property, including the Belgrade Property. *See id.* §§ 6321-22. But even if the liens are valid, courts have limited discretion to deny a foreclosure when the property is owned in part by an innocent third party. The United States Supreme Court in *United States v. Rodgers*, 461 U.S. 677 (1983) developed a four-factor for courts to consider:

> (1) [T]he extent to which the Government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest, as opposed to the sale of the property as a whole; (2) whether the third party had a legally recognized expectation that the third party's separate property would not be subject to a forced sale by creditors; (3) the possibility of undercompensation to the third party; and (4) a comparison of the character and value of the interests in the property.

*United States v. Hanson*, Civ. No. 03-6562, 2005 WL 3116099, at *3 (D. Minn. Apr. 21, 2005) (citing *United States v. Bierbrauer*, 936 F.2d 373, 375 (8th Cir. 1991) where the Eighth Circuit applied the *Rodgers* test). The Robbins do not argue that the Court should exercise its discretion and deny the sale. But even applying the test in *Rodgers*, the Court finds that the forced sale is appropriate under the circumstances.

8

First, the Government would be prejudiced by being forced to sell a one-half interest in the Belgrade Property because it is unlikely that a buyer exists who would purchase a one-half interest of the residence. *See, e.g.*, *Bierbrauer*, 936 F.2d at 375; *Hanson*, 2005 WL 3116099, at *3. Second, Mrs. Robbin cannot demonstrate a legitimate legal expectation that the property would not be subject to a forced sale: Courts have routinely allowed forced sales of property jointly owned by a husband and wife to satisfy federal tax liens. *See Hanson*, 2005 WL 3116099, at *3 ("Because the Minnesota homestead exemption can not [sic] trump the Government's ability to collect taxes, the second *Rodgers* factor weighs in favor of foreclosure."); *see also Bierbrauer*, 936 F.2d at 376 (forcing the sale of home co-owned by a husband and wife to satisfy the husband's unpaid tax bills). Third, Mrs. Robbin will not be undercompensated because she will receive 50% of the proceeds—estimated at over $50,000—after the mortgage is paid. *See Hanson*, 2005 WL 3116099, at *4. Finally, the fourth factor weighs in favor of the sale because Mrs. Robbin has no greater interest in the Belgrade Property than Mr. Robbin. *See Bierbrauer*, 936 F.2d at 376. Thus, applying the four-factor test from *Rodgers*, the Court finds that a forced sale of the Belgrade Property is appropriate.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. [44]) is **GRANTED**.

9

2. Defendant Robbin's Motion for Summary Judgment (Doc. No. [50]) is **DENIDED**.

3. Consistent with this Memorandum Opinion, the Court shall issue an Order of Judgment against Defendant Ronny B. Robbin.

Dated: August 9, 2017        s/Donovan W. Frank
              DONOVAN W. FRANK
              United States District Judge