# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America | Civil No. 16-83 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Ronny B. Robbin,<br>Lynette R. Robbin,<br>North American State Bank,<br>and State of Minnesota | |
| Defendants. | |

_____

LaQuita Taylor-Phillips, Esq., and Michael R. Pahl, Esq., United States Department of Justice, Tax Division, counsel for Plaintiff.

Ronny B. Robbin, *pro se*, and Lynette R. Robbin, *pro se*, Defendants.

D. Sherwood McKinnis, Esq., and Jacob G. Peterson, Esq., counsel for Defendant North American State Bank.

_____

## INTRODUCTION

This matter is before the Court on Defendants Ronny and Lynette Robbin's Motion to Alter or Amend the Judgment (Doc. No. 69). For the reasons discussed below, the Court denies the Robbins' motion.

## BACKGROUND

The Court assumes the reader's familiarity with the facts of this case, which are set forth more fully in the Court's Memorandum Opinion and Order (Doc. No. 65). In

short, the Government assessed Defendant Ronny Robbin for unpaid taxes for 2003 and 2005 and penalties for filing frivolous returns in 2004 and 2005. The dispute between the Government and Mr. Robbin is not about an unwarranted deduction or arithmetic error. Instead, Mr. Robbin has taken the faulty position that his income is not taxable because it was not corporate profit. The Government filed suit seeking to recover $213,862.79 in unpaid taxes, penalties, fees, and interest.[1] To satisfy the assessment, the Government sought an order compelling the sale of the Robbins' home (the "Belgrade Property"). On August 9, 2016, the Court granted the Government's Motion for Summary Judgment (Doc. No. 65) and ordered the sale of the Belgrade Property (Doc. No. 66). The Robbins have now filed a motion to alter or amend the judgment. (Doc. No. 69.)

## DISCUSSION

### I. Motion to Amend the Judgment

"Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted); *see also Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998). Relief under Rule 59(e) is granted in only "extraordinary" circumstances. *See United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986).

---

[1] The Government also sued Mrs. Robbin (who files her taxes separately), North American State Bank, and the State of Minnesota to resolve their possible property interests in the Belgrade Property.

2

## II. The Robbins' Motions

The Robbins contend that the Court made three errors: (1) rejecting the Robbins' argument that the notices of deficiency were not sent; (2) considering Exhibits 11 through 16 attached to Deborah Olson's Supplemental Declaration (Doc. No. 55); and (3) rejecting the Robbins' argument that the proper person had not signed the notices of deficiency or penalty assessments.

### A. Notices of Deficiency were Sent

The Robbins first argue[2] that the Court erred by concluding that the Government had sufficiently demonstrated that it had sent notices of deficiency to the Robbins. The Robbins focus on which party bears the burden of proof. But regardless, the record demonstrated that the IRS did in fact send notices of deficiencies on March 24, 2008, June 7, 2010, October 7, 2013, October 6, 2014, and June 29, 2015. (*See, e.g.*, Doc. No. 55 ("Olson Supp. Decl.") ¶ 9, Ex. 14 at 4.) The Robbins performed no discovery in this case, and therefore cannot point to any evidence to the contrary. Instead, the Robbins rely on a declaration from Mr. Robbin stating that he did not receive the notices of deficiency.[3] (Doc. No. 51.) When the Government deposed Ronny Robbins, he refused

---

[2] The phrase "first argue" might be slightly inaccurate: The Robbins spend the first seven pages of their brief disparaging the Court, its law clerk, former Secretary of State Hillary Clinton, former FBI Director James Comey, and exulting the election of "Populist President Trump." The Court concludes that these arguments do not provide grounds for relief under Federal Rule of Civil Procedure 59(e).

[3] As the Court concluded previously, even if Mr. Robbin did not receive the notices, the Government satisfied its burden by mailing the notices. *United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir. 1976) ("That the taxpayer did not receive actual notice of the deficiency is irrelevant.").

to answer questions regarding his tax obligation on Fifth Amendment grounds. (Doc. No. 48 ¶ 2, Ex. 8). To avoid a motion for summary judgment, the nonmoving party cannot rely on denials and self-serving affidavits. *See Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). Thus, the Robbins have failed to show the Court erred by concluding that the IRS sent notices of deficiencies to Mr. Robbin.

### B. Admissibility of Exhibits 11 through 16

The Robbins also argue that the Court erroneously considered Exhibits 11 through 16 of Deb Olson's Supplemental Declaration. The Court cited Exhibit 14 (a copy of the Certificates of Assessments, Payments, and other Specified Matters (Form 4340)), and Exhibit 15 and 16 (copies of Civil Penalty Forms) in support of its conclusion that Mr. Robbin had failed to show that the Government had not sent him notices of deficiency or that the IRS had not followed the proper procedure in assessing him civil penalties for his frivolous tax filings. The Robbins contend that the Court erred in considering Exhibits 14-16 because they were made for the purposes of litigation, are inauthentic, inadmissible hearsay, and incomplete copies.

To start, the Robbins argue that the Court erred in considering the exhibits because they were made for the purposes of litigation. But there is no blanket prohibition on evidence made for the purposes of litigation. And none of the cases that the Robbins cite supports such a rule: *Willco Kuwait (Trading) S.A.K. v. deSavary*, 843 F.2d 618, 628 (1st Cir. 1988) (concluding that a statement made in contemplation of litigation was not a business-record exception); *Shenker v. United States*, 322 F.2d 622, 627 (2d Cir. 1963) (same); *Nuttall v. Reading Co.*, 235 F.2d 546, 550 (3d Cir. 1956) (same); *Hartzog v.*

*United States*, 217 F.2d 706, 709 (4th Cir. 1954) (same). Thus, the Robbins have failed to show that the Court committed manifest error by considering documents made for the purpose of litigation.[4]

Next, the Robbins argue that the Court erred by concluding that the exhibits were authentic. For Exhibit 14, the Robbins contend that the Court erred by concluding that Exhibits 14 was self-authenticating under Federal Rule of Evidence 902(2). Exhibit 14 was a copy of the Certificates of Assessments, Payments, and other Specified Matters (Form 4340), which shows the timing of when the notices of deficiency were mailed. The Court concluded that the evidence was self-authenticated under Rule 902(2). Evidence is self-authenticating under Rule 902(2) when it bears an officer's signature of a public entity and another officer within the same entity certifies that the signer has the official capacity and that the signature is genuine. F.R.E. 902(2). Here, the Robbins argue that the Court erred because there was no certification by another officer. Even if the Robbins are correct, and Exhibit 14 is not self-authenticating under Federal Rule of Evidence 902(2), the form is authentic under F.R.E. 902(4) or 901(a). *See Brewer v. United States*, 764 F. Supp. 309, 318 (S.D.N.Y. 1991) ("Consistently, courts have held that Form 4340 is self-authenticating."). Thus, the Robbins have not shown that the Court committed manifest error by concluding that Exhibit 14 is authentic.

The Robbins also argue that the Court erred by concluding that Exhibit 15 and 16 were authentic under Rule 901. Exhibits 15 and 16 are copies of the forms used to

---

[4] To the extent that the Robbins argue that the exhibits are impermissible hearsay, the Court will address that argument later.

evaluate whether civil fines should be assessed. Exhibits 15 and 16 were submitted with an affidavit from Deb Olson, an IRS Revenue Officer Advisor, who attested that the documents were forms used to evaluate whether Mr. Robbin should be fined. The Robbins make no specific argument about the authenticity of the exhibits, other than stating that an authentic document must still be otherwise admissible. Point taken. The Robbins have therefore failed to show the Court erred by concluding that Exhibits 15 and 16 were authentic.

The Robbins also argue that the Court erred by concluding that the exhibits were admissible hearsay under the public-record exception, F.R.E. 803(8). Rule 803(8) provides an exception for "[a] record or statement of a public office if it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation." F.R.E 803(8). The Robbins mistakenly interpret Rule 803(8) as a three-prong test and therefore point out that prongs one and three are not satisfied. But because records of tax and fine assessments are matters observed while under a legal duty to report, they meet the public-records exception. *See United States v. Fletcher*, 322 F.3d 508, 518 (8th Cir. 2003). The Robbins also contend that they have submitted information to indicate that the exhibits lack trustworthiness (the second part of Rule 803(8)). But at most, the Robbins question how the Government could create the documents so close to Christmas and New Year's. That alone does not render the

exhibits untrustworthy.  Thus, the Robbins have failed to show the Court committed manifest error by concluding that Exhibits 14 through 16 were admissible hearsay.

The Robbins also argue that the Court erred by considering Exhibits 11 and 12 because they were incomplete copies.  Exhibits 11 and 12 are notices of deficiency sent to Mr. Robbin on January 3, 2005, and September 4, 2007, respectively.  In opposing summary judgment, the Robbins had contended that it is "well known" that notices of deficiency contain "at least a few pages of factual and numerical basis of fact and penalties listed in them." (Doc. No. 58.)  The Internal Revenue Code, however, "does not specify the form or content of the notice. The purpose of the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." *Sather v. Comm'r*, 251 F.3d 1168, 1176-77 (8th Cir. 2001).  Here, Exhibits 11 and 12 informed Mr. Robbin that the Government intended to assess him.  Thus, Exhibits 11 and 12 are complete notices of deficiency. The Robbins therefore have failed to show that the Court committed manifest error by considering Exhibits 11 and 12.

### C. The Robbins Failed to Meet Their Burden

Last, the Robbins contend that the Court erroneously rejected the argument that the Government did not follow the proper procedures in assessing the taxes and penalties against the Robbins.  In particular, the Robbins argue that the proper person has not signed the notices of deficiency or penalties assessments, as required by statute.  *See* 26 U.S.C. §§ 6212(a) & 6751.  In support of this argument, the Robbins cite *Muncy v.*

*Commissioner*, 637 F. App'x 276 (8th Cir. 2016), an unpublished case.[5] In *Muncy*, however, the Eighth Circuit concluded that the tax court had erred because it did not consider whether the proper person signed the notice of deficiency. *Id.* Here, in contrast, the Court concluded that the Robbins have failed to meet their burden of showing that the Government did not follow the proper procedure. *See United States v. Ahrens*, 530 F.2d 781, 786 (8th Cir. 1976).[6] Thus, the Court rejected the Robbins' arguments that the proper person did not sign the notices of deficiency or the penalty assessments. The Robbins therefore failed to show the Court committed manifest error.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Defendants Ronny and Lynette Robbin's Motion to Alter or Amend Judgment (Doc. No. [69]) is **DENIED**.

Dated: October 16, 2017      s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge

---

[5] Unpublished cases from the Eighth Circuit have no precedential value. 8th Cir. R. 31.1A (citation of unpublished opinions).

[6] The Robbins criticize the Court for relying on *Ahrens*. Specifically, the Robbins contend that the Court erred by placing the burden on the taxpayer to rebut the presumption that the Government followed the proper procedures. That is precisely what the Eighth Circuit in *Ahren* concluded. The parties could not produce the notice of deficiency. Nonetheless, the Eighth Circuit concluded that "[i]n the absence of any rebuttal proof, we are bound to presume the validity of the contents of the statutory notice of deficiency." 530 F.2d at 786-87. Likewise here, absent evidence to the contrary from the Robbins, the Court presumes the proper person signed the notices of deficiency or penalty forms.