# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                  Civil No. 16-83 (DWF/LIB)

        Plaintiff,

v.                                                                                **ORDER**

Ronny B. Robbin,
Lynette R. Robbin,
North American State Bank,
and State of Minnesota

        Defendants.

This matter is before the Court on Defendants Ronny Robbin and Lynette Robbin's (the "Robbins") *pro se* Emergency Motion to Suspend Injunctions Pending Appeal. (Doc. No. 87.) For the reasons set forth below, the Court denies the motion.

On August 10, 2017, the Court entered a final judgment in favor of the United States and against Ronny Robbin for unpaid federal income tax liabilities for the 2003 and 2005 tax years and for civil tax penalties assessed against him for the 2004 and 2005 tax years. (Doc. Nos. 66, 68.) The judgment also ordered that the federal tax liens associated with those liabilities be enforced against Robbin's Property (as legally described in the Complaint) and that the Property shall be sold pursuant to further order of the Court. The Robbins did not timely appeal the underlying money judgment or the purpose of the order of sale (to satisfy the money judgment). They did, however, file two subsequent appeals to the Eighth Circuit Court of Appeals. The first, filed on January 18, 2018, appealed a January 2, 2018 Order denying a Notice of Non-Opposition of Plaintiff

to Defendants' Motion to Alter or Amend Judgment. (Doc. Nos. 76, 77.) This appeal was dismissed for failure to prosecute. (Doc. No. 80.) Plaintiff filed a second appeal on November 15, 2018, purporting to appeal the August 10, 2017 Judgment, an October 16, 2017 Order denying Defendants' motion to amend the Judgment, and the Court's Order of Sale filed on September 19, 2018. (Doc. No. 84.) The Robbins submit that federal agents seized the Property in June 2019 and that an auction is scheduled for September 19, 2019. (Doc. No. 88 ¶¶ 1, 4.) The Robbins now move for an injunction halting the upcoming sale of the Property pending appeal.

A party seeking a stay while an application to appeal is pending bears the burden of showing that: (1) the party is likely to succeed on the merits of its appeal; (2) the party will be irreparably injured unless the stay is granted; (3) the non-moving party will not be substantially injured by granting the stay; and (4) the public interest will not be harmed by granting the stay. *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011). The Robbins are unable to meet the first prong of their burden to show that a stay is warranted. The record demonstrates that the Robbins failed to timely appeal the Court's August 10, 2017 order that entered judgment in favor of the government on Robbin's tax liabilities and ordering that the federal tax liens be enforced against the Property through the sale of the Property. While the Robbins' November 15, 2018 notice of appeal challenges the Order of Sale filed on September 19, 2018, it cannot appeal the earlier final judgments entered in August 2017. Because those underlying determinations -- judgment in favor of the government for Robbin's unpaid federal income tax liabilities and tax penalties and judgment ordering that the federal tax liens associated with those

liabilities be enforced with a judicial sale of Robbin's Property-- were not appealed, the Eighth Circuit would lack jurisdiction to review those judgments. Accordingly, the Robbins cannot demonstrate that they are likely to succeed on the merits of any challenge related to those judgments. For this reason alone, the Robbins' motion is properly denied.

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' *pro se* Emergency Motion to Suspend Injunctions Pending Appeal (Doc. No. [87]) is **DENIED**.

Dated: September 12, 2019        s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge